[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON DISCOVERY MOTION
A one car accident occurred on Route 63 in Middlebury on August 7, 1992. Bryan Plasky, the owner of the automobile, died in the collision as did Cheyenne Crossland and Willie Smith. CT Page 1425 Upon impact with a tree, the car had split open and four of the five youths were thrown from the vehicle. James Beckwith and defendant Joel Schutt survived.
The State alleges that Joel Schutt was the operator of the vehicle in the fatal crash and has charged him with three counts of Manslaughter in the First Degree (General Statutes 53a-55 (a) 93), three counts of Manslaughter in the Second Degree with a motor vehicle while intoxicated (General Statutes 53a-56b(a)) and one count of Assault in the Second Degree (General Statutes53a-60d(a)). A search warrant was issued to obtain hair samples of defendant. The State Forensic Laboratory compared these with samples taken from others in the car at the time. The forensic laboratory determined that a hair discovered on the driver's side of the windshield bore similar characteristics to those obtained from the defendant. The State provided a copy of the report from the State Forensic Laboratory to defendant's counsel.
Defendant anticipates that the prosecution will attempt to introduce same at trial. Paragraph 14 of defendant's Motion for Discovery requests "any and all findings regarding the specific characteristics (i.e. color, texture, thickness, etc.) of any hair examined by the State from the following pursuant to Connecticut Practice Book 741:
a) Joel Schutt
b) Brian Plasky
c) Cheyenne Crossland
d) James Beckwith
The defendant claims that this entitles him to any and all written notes, papers, or documents used by the State Forensic Laboratory in "creating its opinions and/or reports." The State contends that this amounts to work product and that the defendant is entitled only to the reports of findings by the laboratory.
Practice Book 741 provides in part:
 [that] upon written motion made by a defendant . . . the prosecuting authority . . . shall disclose in writing the CT Page 1426 existence of and allow the defendant to inspect, copy . . . the following relevant materials:
 1) Exculpatory information or materials . . . 3) Adequately identified . . . tangible objects . . . or documents which are within the possession, custody or control of any governmental agency, and which are material to the preparation of the defense . . .
Subsection (6) of that section provides:
 Copies of results or reports of scientific tests, experiments or comparisons made in connection with the particular case which are known to and obtainable by the prosecuting authority and within the possession, custody or control of any governmental agency, and which are material to the preparation of the defense or are intended for use by the prosecuting authority as evidence in chief at the trial . . .
Defendant requests production of any and all notes or records prepared by the State Forensic Laboratory which are related to the examination of any basis either discovered at the scene and/or obtained from defendant's person.
The State has agreed to allow defendant's expert to perform his own analysis of the hair samples. The State Forensic Laboratory is a government agency. While the state has provided defendant with the results of scientific tests, this court orders that defendant be provided with the reports of the specific comparisons made by the state lab and any and all notes pertaining thereto.
KULAWIZ, J.